EAST TENN., VA. & GA. RAILWAY CO. *v.* McCLURE.

In view of the fact that the plaintiff, shortly after receiving the injury, joined in a sworn report of the facts, in which it was stated that the occurrence was an accident and that no employee of the company was to blame; and there being abundant evidence that the plaintiff knew the contents of the report and voluntarily took

it to the notary who administered the oath to him, the verdict was contrary to the evidence as a whole, studying it carefully from an honest and impartial standpoint; and the court having erred in charging the jury with reference to the use of the Carlisle tables, a new trial should have been granted. *Judgment reversed.* July 30, 1894.

Action for damages. Before Judge MILNER. Whitfield superior court. April term, 1893.

The suit was under the law of Alabama, providing for the recovery by a workman injured while in the service of a corporation, by reason of the negligence of any servant of the employer, to whose order or direction the workman at the time was bound to conform, and when his injury resulted from having so conformed. The injuries resulted from a fall by plaintiff as he was trucking freight from a car across two skids to a platform. It was raining, and the skids and car-floor were wet. Plaintiff had been employed on the train under the direction of Smith, the conductor, about six months. The skids were of suitable length, nearly level, properly placed and in good condition; nothing wrong about them. The car-floor was slippery. Plaintiff testified, that he had started backward with a loaded truck from the car to the platform. The trucks had mounted the skids. That was the usual way of unloading. He had got out on the skids, about half way from car to platform, thought he felt one of the skids slip, and stopped. He could not see the end of the skids. Smith was in the car checking freight. He looked up and said, "All right; go ahead." He was in a position to see the ends of the skids. Plaintiff started again; the skids slipped off the edge of the car; he fell and the truck fell upon him. The evidence for defendant tended to show that the injury was caused simply by accident, and that plaintiff so swore in a written report to the company as to how the accident happened. Smith denied telling plaintiff to go ahead, it was all right. There was testi-

mony for plaintiff, contradicted by that for defendant, tending to show that he was not aware of the contents of the written report when he signed it, and that the oath was not administered to him. After verdict for plaintiff, defendant moved for a new trial on the general grounds, and for error in the court's charge as to permanent injury and the use of the Carlisle mortality table, there being no reference in the charge as to the decrease in capacity to earn money as plaintiff grows older, and no direction as to how to find the present cash value of his lessened capacity to labor, except by reference to this table.

McCUTCHEN & SHUMATE, for plaintiff in error.

R. J. & J. McCAMY, contra.